# No. 21-30163

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

Garry L. Lewis; G. Lewis-Louisiana, L.L.C.,

Plaintiffs - Appellants

v.

United States of America; Michael C. Wehr, Major General;

Michael Clancy, Colonel; United States Army Corps of Engineers,

Defendants - Appellees

consolidated with

No. 23-30387

Garry L. Lewis; G. Lewis-Louisiana, L.L.C.,

Plaintiffs - Appellants

v.

United States of America; United States Army Corps of Engineers;

Stephen Murphy, Colonel; Diana Holland, Major General,

Defendants - Appellees

**On Appeal from**
United States District Court for the Eastern District of Louisiana

2:18-CV-1838
2:21-CV-937

---

# RECORDS EXCERPTS OF APPELLANTS

---

SUBMITTED BY:

Drake L. Lewis
La Bar Roll No. 35885
17457 Wes Mclin Rd., Suite A
Livingston, Louisiana 70754
Telephone: (225) 686-1111
Facsimile: (225) 686-7584
E-mail: dlewis562000@gmail.com

STANLEY A. MILLAN
La. Bar Roll No. 09658
Jones Walker
201 St. Charles Ave.
New Orleans, LA 70170-5100
(504) 582-8328 – Phone
(504) 582-8583 – Fax
Email: smillan@joneswalker.com

JOSHUA M. LEWIS
La. Bar Roll No. 33244
427 Chemin Metairie Road
Youngsville, LA. 70592
(337) 552-2057 - Phone
(225) 341-8162 – Fax

*Attorneys for Garry L. Lewis and G. Lewis-Louisiana, L.L.C.*

## <u>TABLE OF CONTENTS</u>

<u>PAGE</u>

DOCKET SHEET (ROA.1-9)...……………….……………………..……Tab 1

NOTICE OF APPEAL (ROA.1381-82)..………………….…………..……Tab 2

ORDER REMANDING CASE (ROA.1372-74)………………….............Tab 3

FINAL JUDGMENT (ROA.1380)..……………….…………………………Tab 4

DECEMBER 28, 2020, AJD (ROA.876-84)………………..……………Tab 5

RECORD PHOTOS OF PROPERTY (ROA.976, 987, 996-98)……....………Tab 6

CERTIFICATE OF SERVICE…………………………………………..Tab 7

TAB 1

Jump to Docket Table

# U.S. District Court
## Eastern District of Louisiana (New Orleans)
## CIVIL DOCKET FOR CASE #: 2:21-cv-00937-MVL-JVM

Lewis et al v. United States et al
Assigned to: Judge Mary Ann Vial Lemmon
Referred to: Magistrate Judge Janis van Meerveld
Cause: 05:702 Administrative Procedure Act

Date Filed: 05/12/2021
Date Terminated: 06/12/2023
Jury Demand: None
Nature of Suit: 899 Other Statutes:
Administrative Procedures Act/Review or
Appeal of Agency Decision
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Garry L Lewis**                    represented by   **Drake L. Lewis**
17457 Wes McLin Road
Suite A
Livingston, LA 70754
225-686-1111
Email: dlewis562000@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Antonio M. Clayton**
Clayton, Fruge & Ward, LLC
3741 Hwy 1 South
Port Allen, LA 70767
225-344-7000
Email: tclaytonlaw@aol.com
*ATTORNEY TO BE NOTICED*

**Joshua M. Lewis**
Joshua Lewis
427 Chemin Metairie Road
Youngsville, LA 70592
337-552-2057
Fax: 225-341-8162
Email: joshua@jmlewislaw.com
*ATTORNEY TO BE NOTICED*

**Michael Paul Fruge**
Clayton, Fruge & Ward, LLC
3741 Hwy 1 South
Port Allen, LA 70767
225-344-7000
Email: michaelfruge@claytonfrugelaw.com
*ATTORNEY TO BE NOTICED*

**Stanley A. Millan**
Jones Walker (New Orleans)
Place St. Charles
201 St. Charles Ave.
Suite 5100
New Orleans, LA 70170
504-582-8328
Email: smillan@joneswalker.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**G. Lewis-Louisiana, LLC**                    represented by    **Drake L. Lewis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Antonio M. Clayton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua M. Lewis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Paul Fruge**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stanley A. Millan**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**United States**                    represented by    **Sandra Ema Gutierrez**
U. S. Attorney's Office (New Orleans)
650 Poydras St.
Suite 1600
New Orleans, LA 70130
504-680-3000
Email: Sandra.Gutierrez@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Izfar**
DOJ-Enrd
Environment & Natural Resources Division
150 M St NE
Washington, DC 20002
202-305-0490
Email: sarah.izfar@usdoj.gov

*ATTORNEY TO BE NOTICED*

**Defendant**

**United States Army Corps of Engineers**     represented by   **Sandra Ema Gutierrez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Izfar**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Stephen Murphy**     represented by   **Sandra Ema Gutierrez**
*Colonel*                                 (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Izfar**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Diana Holland**     represented by   **Sandra Ema Gutierrez**
*Major General*                          (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Izfar**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/12/2021 | 1 (p.10) | COMPLAINT against All Plaintiffs (Filing fee $ 402 receipt number ALAEDC-8856650) filed by Garry L Lewis. (Attachments: # 1 (p.10) Exhibit 1 218-1838 Doc 66, # 2 Exhibit 2 218-1838 Doc 80, # 3 (p.639) Exhibit 3 218-1838 Doc 85, # 4 Exhibit 4 218-1838 Doc 99, # 5 (p.640) Exhibit 5 Guarisco Declaration etc, # 6 (p.652) Exhibit 6 Wheeler order 20cv03005-RS doc171, # 7 (p.653) Exhibit 7 Wheeler brief Doc215 1-10-21, # 8 (p.655) Exhibit 8 Dec 28 2020 AJD, # 9 (p.657) Exhibit 9 AJD request resubmittal, # 10 (p.659) Exhibit 10 2016 AJD, # 11 (p.661) Exhibit 11 maps of test plots 2016-17 AJD, # 12 (p.669) Exhibit 12 Admin Appeal Decision, # 13 (p.671) Exhibit 13 2017 AJD, # 14 (p.674) Exhibit 14 Flood housing permit request, # 15 (p.677) Exhibit 15 FEMA Draft study of subject property, # 16 (p.680) Exhibit 16 Admin Appeal request, # 17 (p.683) Exhibit 17 40 acre tolling agreement, # 18 (p.686) Exhibit 18 404 permit application, # 19 (p.689) Exhibit 19 roadside ditch photos, # 20 (p.718) Exhibit 20 19 acre Milton Lane AJD, # 21 (p.748) Exhibit 21 visual aid of Eastern tract, # 22 (p.761) Exhibit 22 Satsuma history, # 23 (p.762) Exhibit 23 Milton Lane efforts, # 24 (p.771) Affidavit verification, # 25 (p.777) Civil Cover Sheet, # 26 (p.778) Summons United States, # 27 (p.781) Summons United States Army Corps of Engineers, # 28 (p.789) |

| | | |
|---|---|---|
| | | Summons Col. Stephen Murphy New Orleans District Commander, # 29 (p.811) Summons Major Gen. Diana Holland MS Valley Div Commander, # 30 (p.813) Statement Local Rule 3.1 Certificate, # 31 (p.816) Statement Corporate Disclosure)Attorney Drake L. Lewis added to party Garry L Lewis(pty:pla).(Lewis, Drake) (Attachment 26 replaced on 5/13/2021) (bm). (Attachment 27 replaced on 5/13/2021) (bm). (Attachment 28 replaced on 5/13/2021) (bm). (Attachment 29 replaced on 5/13/2021) (bm). (Entered: 05/12/2021) |
| 05/12/2021 | 2 | Initial Case Assignment to Judge Sarah S. Vance and Magistrate Judge Michael North. (go) (Entered: 05/12/2021) |
| 05/13/2021 | 3 (p.639) | ORDER TRANSFERRING DUE TO RELATED PROCEEDING. Case transferred to Judge Mary Ann Vial Lemmon and Magistrate Judge Janis van Meerveld. Judge Sarah S. Vance, Magistrate Judge Michael North no longer assigned to case. Signed by Judge Sarah S. Vance on 5/13/2021.(mm) (NEF: DJ, MJ) (Entered: 05/13/2021) |
| 05/13/2021 | 4 | Correction of Docket Entry by Clerk re 1 (p.10) Complaint. Filing attorney did not properly format the pdf of Summons. The pdf should not have the 3 red buttons at the bottom. When using a FORM, fill in the applicable fields then click the red PRINT button at the bottom to print the document to pdf format. Clerk has taken corrective action. (bm) (Entered: 05/13/2021) |
| 05/13/2021 | 5 (p.640) | Summons Issued as to Diana Holland, Stephen Murphy, United States, United States Army Corps of Engineers. (Attachments: # 1 (p.10) Summons, # 2 Summons, # 3 (p.639) Summons, # 4 Summons, # 5 (p.640) Summons)(bm) (Entered: 05/13/2021) |
| 05/13/2021 | 6 (p.652) | Statement of Corporate Disclosure by G. Lewis-Louisiana, LLC (bm) (Entered: 05/13/2021) |
| 05/17/2021 | 7 (p.653) | Request of Summons Issued as to United States filed by All Plaintiffs re 1 (p.10) Complaint. (Lewis, Drake) (Entered: 05/17/2021) |
| 05/17/2021 | 8 (p.655) | Request of Summons Issued as to United States Army Corps of Engineers filed by All Plaintiffs re 1 (p.10) Complaint. (Lewis, Drake) (Entered: 05/17/2021) |
| 05/17/2021 | 9 (p.657) | Request of Summons Issued as to United States filed by All Plaintiffs re 1 (p.10) Complaint. (Lewis, Drake) (Entered: 05/17/2021) |
| 05/17/2021 | 10 (p.659) | Request of Summons Issued as to United States filed by All Plaintiffs re 1 (p.10) Complaint. (Lewis, Drake) (Entered: 05/17/2021) |
| 05/18/2021 | 11 (p.661) | Summons Issued as to United States, United States Army Corps of Engineers. (Attachments: # 1 (p.10) Summons, # 2 Summons, # 3 (p.639) Summons)(sbs) (Entered: 05/18/2021) |
| 07/01/2021 | 12 (p.669) | NOTICE of Appearance by Sarah Izfar on behalf of All Defendants. Attorney Sarah Izfar added to party Diana Holland(pty:dft), Attorney Sarah Izfar added to party Stephen Murphy(pty:dft), Attorney Sarah Izfar added to party United States(pty:dft), Attorney Sarah Izfar added to party United States Army Corps of Engineers(pty:dft).(Izfar, Sarah) (Entered: 07/01/2021) |
| 07/07/2021 | 13 (p.671) | SUMMONS Returned Executed; United States served on 5/25/2021, answer due 7/26/2021 . (Attachments: # 1 (p.10) Exhibit - Certified Mail Receipt)(Lewis, Drake) Modified text, added answer deadline on 7/7/2021 (sbs). (Entered: 07/07/2021) |
| 07/07/2021 | 14 (p.674) | SUMMONS Returned Executed; United States Army Corps of Engineers served on 5/22/2021, answer due 7/21/2021. (Attachments: # 1 (p.10) Exhibit - Certified Mail |

| | | |
|---|---|---|
| | | Receipt)(Lewis, Drake) Modified text, added answer deadline on 7/7/2021 (sbs). (Entered: 07/07/2021) |
| 07/07/2021 | 15 (p.677) | SUMMONS Returned Executed; Stephen Murphy served on 5/21/2021, answer due 7/20/2021. (Attachments: # 1 (p.10) Exhibit - Certified Mail Receipt)(Lewis, Drake) Modified text, added answer deadline on 7/7/2021 (sbs). (Entered: 07/07/2021) |
| 07/07/2021 | 16 (p.680) | SUMMONS Returned Executed; Diana Holland served on 6/4/2021, answer due 8/3/2021. (Attachments: # 1 (p.10) Exhibit - Certified Mail Receipt)(Lewis, Drake) Modified text, added answer deadline on 7/7/2021 (sbs). (Entered: 07/07/2021) |
| 07/07/2021 | 17 (p.683) | SUMMONS Returned Executed; United States (through U.S. Attorney General) served on 5/25/2021, answer due 7/26/2021. (Attachments: # 1 (p.10) Exhibit - Certified Mail Receipt)(Lewis, Drake) Modified text, added answer deadline on 7/7/2021 (sbs). (Entered: 07/07/2021) |
| 07/07/2021 | 18 (p.686) | SUMMONS Returned Executed; United States (through U.S. Attorney) served on 5/22/2021, answer due 7/21/2021. (Attachments: # 1 (p.10) Exhibit - Certified Mail Receipt)(Lewis, Drake) Modified text, added answer deadline on 7/7/2021 (sbs). (Entered: 07/07/2021) |
| 07/21/2021 | 19 (p.689) | MOTION for Partial Dismissal of the Complaint by All Defendants. Motion(s) will be submitted on 8/11/2021. (Attachments: # 1 (p.10) Memorandum in Support, # 2 Notice of Submission)(Izfar, Sarah) Modified text on 7/21/2021 (sbs). (Entered: 07/21/2021) |
| 08/03/2021 | 20 (p.718) | RESPONSE/MEMORANDUM in Opposition filed by All Plaintiffs re 19 (p.689) MOTION for Partial Dismissal of the Complaint. (Attachments: # 1 (p.10) Affidavit)(Lewis, Drake) Modified text on 8/3/2021 (sbs). (Entered: 08/03/2021) |
| 08/10/2021 | 21 (p.748) | EXPARTE/CONSENT MOTION for Leave to File Reply R. Doc. 19 by All Defendants. (Attachments: # 1 (p.10) Proposed Pleading, # 2 Proposed Order)(Izfar, Sarah) Modified text on 8/10/2021 (sbs). (Entered: 08/10/2021) |
| 08/11/2021 | 22 (p.761) | ORDER granting 21 (p.748) Motion for Leave to File Reply. Signed by Judge Mary Ann Vial Lemmon on 8/11/2021. (sbs) (Entered: 08/11/2021) |
| 08/11/2021 | 23 (p.762) | REPLY to Response to Motion filed by All Defendants re 19 (p.689) MOTION for Partial Dismissal of the Complaint. (sbs) (Entered: 08/11/2021) |
| 08/11/2021 | 24 (p.771) | EXPARTE/CONSENT MOTION for Leave to File Sur-Reply R. Doc. 19 by G. Lewis-Louisiana, LLC, Garry L Lewis. (Attachments: # 1 (p.10) Proposed Pleading, # 2 Proposed Order)(Lewis, Drake) Modified text on 8/11/2021 (sbs). (Entered: 08/11/2021) |
| 08/12/2021 | 25 (p.777) | ORDER granting 24 (p.771) Motion for Leave to File Sur-Reply. Signed by Judge Mary Ann Vial Lemmon on 8/12/2021. (sbs) (Entered: 08/12/2021) |
| 08/12/2021 | 26 (p.778) | SUR-REPLY in Opposition filed by All Plaintiffs re 19 (p.689) MOTION for Partial Dismissal of the Complaint. (sbs) (Entered: 08/12/2021) |
| 10/06/2021 | 27 (p.781) | ORDER AND REASONS: IT IS HEREBY ORDERED that the 19 (p.689) Motion for Partial Dismissal filed by defendants is GRANTED, and Count I of the Complaint is DISMISSED. Signed by Judge Mary Ann Vial Lemmon on 10/5/2021. (pp) (Entered: 10/06/2021) |
| 10/20/2021 | | |

| | | |
|---|---|---|
| | __28__ __(p.789)__ | ANSWER to 1 (p.10) Complaint by Diana Holland, Stephen Murphy, United States, United States Army Corps of Engineers.(Izfar, Sarah) Modified text on 10/21/2021 (ewa). (Entered: 10/20/2021) |
| 10/25/2021 | __29__ __(p.811)__ | NOTICE: Scheduling Conference set for 11/4/2021 at 10:00 AM before case manager by telephone. By Clerk.(sbs) (Entered: 10/25/2021) |
| 11/01/2021 | __30__ __(p.813)__ | OBJECTIONS by All Defendants re 29 (p.811) Notice Setting Scheduling Order. (Izfar, Sarah) Modified text on 11/1/2021 (sbs). (Entered: 11/01/2021) |
| 11/02/2021 | __31__ __(p.816)__ | NOTICE: The Preliminary Conference currently scheduled for Thursday, November 4, 2021 at 10:00 a.m. is hereby VACATED. Counsel have been advised and agreed to submit a proposed briefing schedule no later than Friday, November 5, 2021, therefore the objections (R. Doc. 30) are moot. By Clerk.(sbs) (Entered: 11/02/2021) |
| 11/05/2021 | __32__ __(p.817)__ | EXPARTE/CONSENT Joint MOTION to Adopt Briefing Schedule by All Plaintiffs, All Defendants. (Attachments: # 1 (p.10) Proposed Order)(Izfar, Sarah) Modified text/filers on 11/8/2021 (ewa). Modified text on 11/8/2021 (sbs). (Entered: 11/05/2021) |
| 11/19/2021 | __33__ __(p.822)__ | ORDER granting 32 (p.817) Joint Motion to Adopt Briefing Schedule. Parties to comply as outlined herein. Signed by Judge Mary Ann Vial Lemmon on 11/19/2021. (sbs) (Entered: 11/19/2021) |
| 12/15/2021 | __34__ __(p.824)__ | NOTICE *of Filing Certified Index to the Administrative Record* by All Defendants . (Izfar, Sarah) Modified text on 12/16/2021 (pp). (Entered: 12/15/2021) |
| 02/10/2022 | __35__ __(p.838)__ | EXPARTE/CONSENT MOTION for Extension of Time to File *Brief and Amend Briefing Schedule* by G. Lewis-Louisiana, LLC, Garry L Lewis. (Attachments: # 1 (p.10) Proposed Order)(Lewis, Drake) (Entered: 02/10/2022) |
| 02/11/2022 | __36__ __(p.842)__ | ORDER granting 35 (p.838) Motion for Extension of Time to File Brief and Amending Brief Schedule. Parties shall comply as set forth in document. Signed by Judge Mary Ann Vial Lemmon on 2/11/2022. (ewa) (Entered: 02/11/2022) |
| 03/23/2022 | __37__ __(p.843)__ | MOTION for Partial Summary Judgment by G. Lewis-Louisiana, LLC, Garry L. Lewis. Motion(s) will be submitted on 4/20/2022. (Attachments: # 1 (p.10) Memorandum in Support, # 2 Statement of Contested/Uncontested Facts, # 3 (p.639) Exhibit 1 AR000001, # 4 Exhibit 2 AR000011, # 5 (p.640) Exhibit 3 AR000023, # 6 (p.652) Exhibit 4 AR000123, # 7 (p.653) Exhibit 5 AR000185, # 8 (p.655) Exhibit 6 AR000305, # 9 (p.657) Exhibit 7 AR000759, # 10 (p.659) Exhibit 8 AR000765, # 11 (p.661) Exhibit 9 AR000812, # 12 (p.669) Exhibit 10 AR000841, # 13 (p.671) Exhibit 11 AR000942, # 14 (p.674) Exhibit 12 AR000954, # 15 (p.677) Exhibit 13 AR001001, # 16 (p.680) Exhibit 14 AR001054, # 17 (p.683) Exhibit 15 AR001055, # 18 (p.686) Exhibit 16 AR001056, # 19 (p.689) Exhibit 17 AR001057, # 20 (p.718) Exhibit 18 AR001058, # 21 (p.748) Exhibit 19 AR001090, # 22 (p.761) Notice of Submission)(Lewis, Drake) (Entered: 03/23/2022) |
| 03/24/2022 | __38__ __(p.1011)__ | NOTICE: Because R. Doc. 37 (p.843) contains more than 50 pages, counsel shall deliver to Judge Lemmon's case manager, within 3 working days, one hard copy of the submission in a binder as set forth in notice. Signed by Clerk.(sbs) (Entered: 03/24/2022) |
| 04/06/2022 | __39__ __(p.1012)__ | EXPARTE/CONSENT MOTION to Amend/Correct *Notice of Submission, R. Doc. 37* by G. Lewis-Louisiana, LLC, Garry L Lewis. (Attachments: # 1 (p.10) Proposed Pleading, # 2 Proposed Order)(Lewis, Drake) Modified text/removed submission |

| | | |
|---|---|---|
| | | date on 4/6/2022 (cwa). **Motion MOOT per Briefing Order, R. Doc. 33** (Entered: 04/06/2022) |
| 05/18/2022 | 40 (p.1017) | MOTION to Remand to U.S. Army Corps of Engineers *and Response to Plaintiffs' Motion for Summary Judgment* by All Defendants. Motion(s) will be submitted on 8/10/2022. (Attachments: # 1 (p.10) Memorandum in Support, # 2 Appendix Ex. 1 Part 1 of Appendix, # 3 (p.639) Appendix Ex. 2 Part 2 of Appendix, # 4 Affidavit Ex. 3 Decl. of Brad Guarisco, # 5 (p.640) Statement of Contested/Uncontested Facts Response to Pl. SUMF, # 6 (p.652) Notice of Submission)(Izfar, Sarah) Modified text on 5/19/2022 (sbs). (Entered: 05/18/2022) |
| 05/19/2022 | 41 (p.1160) | ORDER - IT IS HEREBY ORDERED that Defendants' 40 (p.1017) Motion to Remand scheduled for submission on 8/10/2022 is rescheduled to 7/20/2022. Oppositions are due 7/12/2022. Signed by Judge Mary Ann Vial Lemmon on 5/19/2022.(sbs) (Entered: 05/19/2022) |
| 05/19/2022 | 42 (p.1161) | NOTICE: Because R. Doc. 40 (p.1017) contains more than 50 pages, counsel shall deliver to Judge Lemmon's case manager, within 3 working days, one hard copy of the submission in a binder as set forth in notice. Signed by Clerk.(sbs) (Entered: 05/19/2022) |
| 06/10/2022 | 43 (p.1162) | EXPARTE/CONSENT Joint MOTION to Amend/Correct *Scheduling Order* by Diana Holland, Stephen Murphy, United States, United States Army Corps of Engineers. (Attachments: # 1 (p.10) Proposed Order)(Izfar, Sarah) (Entered: 06/10/2022) |
| 06/13/2022 | 44 (p.1166) | ORDER granting 43 (p.1162) Joint MOTION to Modify Briefing Schedule. The briefing schedule is modified as set forth in document. Signed by Judge Mary Ann Vial Lemmon on 06/13/2022.(ko) (Entered: 06/13/2022) |
| 06/15/2022 | 45 (p.1167) | REPLY to Response to Motion filed by All Plaintiffs re 37 (p.843) MOTION for Partial Summary Judgment (Lewis, Drake) Modified text/linkage on 6/16/2022 (ko). (Entered: 06/15/2022) |
| 06/20/2022 | 46 (p.1178) | RESPONSE/MEMORANDUM in Opposition filed by All Plaintiffs re 40 (p.1017) MOTION to Remand to U.S. Army Corps of Engineers *and Response to Plaintiffs' Motion for Summary Judgment* . (Attachments: # 1 (p.10) Exhibit, # 2 Affidavit of Garry Lewis Opposing Motion)(Lewis, Drake) (Entered: 06/20/2022) |
| 06/22/2022 | 47 (p.1279) | NOTICE TO PRODUCE HARD COPY re 46 (p.1178) Response/Memorandum in Opposition to Motion, filed by G. Lewis-Louisiana, LLC, Garry L Lewis. By Clerk.(mmv) (Entered: 06/22/2022) |
| 07/20/2022 | 48 (p.1280) | REPLY to Response to Motion filed by All Defendants re 40 (p.1017) MOTION to Remand to U.S. Army Corps of Engineers *and Response to Plaintiffs' Motion for Summary Judgment* . (Attachments: # 1 (p.10) Exhibit Withdrawal Letter)(Izfar, Sarah) (Entered: 07/20/2022) |
| 07/22/2022 | 49 (p.1296) | EXPARTE/CONSENT MOTION for Leave to File *Sur Response to ECF 40* by G. Lewis-Louisiana, LLC, Garry L Lewis. (Attachments: # 1 (p.10) Proposed Pleading, # 2 Proposed Order)(Lewis, Drake) (Entered: 07/22/2022) |
| 07/25/2022 | 50 (p.1308) | ORDER granting 49 (p.1296) Motion for Leave to File Sur-Response. Signed by Judge Mary Ann Vial Lemmon on 02/25/2022. (ko) (Entered: 07/25/2022) |
| 07/25/2022 | 51 | Supplemental Memorandum filed by G. Lewis-Louisiana, LLC, Garry L Lewis, in |

| | | |
|---|---|---|
| | (p.1309) | Opposition of 40 (p.1017) MOTION to Remand to U.S. Army Corps of Engineers *and Response to Plaintiffs' Motion for Summary Judgment*. (ko) (Entered: 07/25/2022) |
| 07/28/2022 | 52 (p.1318) | EXPARTE/CONSENT MOTION for Leave to File *Sur-Reply to Motion for Remand* by Diana Holland, Stephen Murphy, United States, United States Army Corps of Engineers. (Attachments: # 1 (p.10) Proposed Pleading, # 2 Proposed Order)(Izfar, Sarah) Modified text on 7/29/2022 (jls). (Entered: 07/28/2022) |
| 07/29/2022 | 53 (p.1330) | ORDER GRANTING Defendants' 52 (p.1318) Motion for Leave to File Sur-Reply to Motion for Remand. Signed by Judge Mary Ann Vial Lemmon on 7/29/2022. (jls) (Entered: 07/29/2022) |
| 07/29/2022 | 54 (p.1331) | SUR-REPLY in Support filed by Diana Holland, Stephen Murphy, United States, United States Army Corps of Engineers re 40 (p.1017) MOTION to Remand to U.S. Army Corps of Engineers.(jls) (Entered: 07/29/2022) |
| 08/01/2022 | 55 (p.1340) | ORDERED that within seven (7) days of entry of this order, the parties to this action shall contact the assigned Magistrate Judge to schedule a settlement conference to be held as soon as practicable. Signed by Judge Mary Ann Vial Lemmon on 08/01/2022.(ko) (Entered: 08/01/2022) |
| 08/09/2022 | 56 (p.1342) | ORDER SCHEDULING SETTLEMENT CONFERENCE: A Settlement Conference is set for Tuesday, 10/11/2022 at 9:00 AM VIA VIDEO CONFERENCE before Magistrate Judge Janis van Meerveld. A Zoom for Government link will be circulated to counsel of record via email. The required settlement memoranda, more fully described on Page 2, are due no later than 11:59 p.m. on Tuesday, 10/4/2022. Signed by Magistrate Judge Janis van Meerveld on 8/8/2022.(ajn) (Entered: 08/09/2022) |
| 10/11/2022 | 57 (p.1345) | Minute Entry for proceedings held before Magistrate Judge Janis van Meerveld: Settlement Conference held on 10/11/2022. Negotiations were productive but unfortunately no resolution could be achieved at this time. (caa) (Entered: 10/11/2022) |
| 05/26/2023 | 58 (p.1346) | EXPARTE/CONSENT MOTION for Leave to File *Supplement* re rec. doc. 37 by G. Lewis-Louisiana, LLC, Garry L Lewis. (Attachments: # 1 (p.10) Proposed Order, # 2 Supplement to Memorandum in Support)(Lewis, Drake) Modified on 5/30/2023 (ko). (Entered: 05/26/2023) |
| 05/30/2023 | 59 (p.1352) | ORDER granting 58 (p.1346) Motion for Leave to File Supplement to Memorandum in Support of Plaintiff's Motion for Summary Judgment (rec. doc. 37). Signed by Judge Mary Ann Vial Lemmon on 05/30/2023. (ko) (Entered: 05/30/2023) |
| 05/30/2023 | 60 (p.1353) | Supplemental Memorandum filed by G. Lewis-Louisiana, LLC, Garry L Lewis, in Support of 37 (p.843) MOTION for Partial Summary Judgment . (ko) (Entered: 05/30/2023) |
| 05/30/2023 | 61 (p.1356) | ORDER re 60 (p.1353) Supplemental Memorandum filed by G. Lewis-Louisiana, LLC, Garry L Lewis. ORDERED that counsel for defense shall file within seven (7) days of entry of this order a memorandum responding to plaintiffs' supplemental memorandum addressing the impact of the ruling in Sackett v. Env't Prot. Agency on the pending matter. Signed by Judge Mary Ann Vial Lemmon on 05/30/2023.(ko) (Entered: 05/30/2023) |
| 06/06/2023 | | |

| | 62 (p.1357) | Supplemental Memorandum filed by All Defendants re 40 (p.1017) MOTION to Remand to U.S. Army Corps of Engineers *and Response to Plaintiffs' 37 (p.843) Motion for Summary Judgment and in Response to Plaintiffs' Supplemental Brief (ECF No. 60).* (Izfar, Sarah) Modified text/link on 6/7/2023 (js). (Entered: 06/06/2023) |
|---|---|---|
| 06/08/2023 | 63 (p.1360) | EXPARTE/CONSENT MOTION for Leave to File *Reply to Defendant's Brief* re rec. doc. 62 (p.1357) by G. Lewis-Louisiana, LLC, Garry L Lewis. (Attachments: # 1 (p.10) Proposed Order, # 2 Proposed Pleading)(Lewis, Drake) Modified text/link on 6/9/2023 (js). (Entered: 06/08/2023) |
| 06/09/2023 | 64 (p.1367) | ORDER granting 63 (p.1360) Motion for Leave to File Reply. Signed by Judge Mary Ann Vial Lemmon on 06/09/2023. (js) (Entered: 06/09/2023) |
| 06/09/2023 | 65 (p.1368) | Supplemental Memorandum filed by G. Lewis-Louisiana, LLC, Garry L Lewis of 40 (p.1017) MOTION to Remand to U.S. Army Corps of Engineers *and Response to Plaintiffs' Motion for Summary Judgment,* 37 (p.843) MOTION for Partial Summary Judgment. (js) (Entered: 06/09/2023) |
| 06/12/2023 | 66 (p.1372) | ORDER: IT IS HEREBY ORDERED that the Motion for Voluntary Remand (Rec. Doc. 40 (p.1017) ) is GRANTED, and instant matter is REMANDED to the agency for further consideration in light of Sackett v. Env't Prot. Agency. IT IS FURTHER ORDERED that the Motion for Summary Judgment (Rec. Doc. 37 (p.843) ) is DISMISSED as moot. Signed by Judge Mary Ann Vial Lemmon on 06/12/2023.(js) (Entered: 06/12/2023) |
| 06/13/2023 | 67 (p.1375) | EXPARTE/CONSENT MOTION for *Certification of Remand Order as a Final Judgment* by G. Lewis-Louisiana, LLC, Garry L Lewis. (Attachments: # 1 (p.10) Memorandum in Support, # 2 Proposed Order)(Lewis, Drake) Modified text/event on 6/14/2023 (js). (Entered: 06/13/2023) |
| 06/14/2023 | 68 (p.1380) | ORDER granting 67 (p.1375) Motion for Certification of Remand Order as a Final Judgment. IT IS HEREBY ORDERED that the Motion for Voluntary Remand (Rec. Doc. 40 (p.1017) ) is GRANTED, and instant matter is REMANDED to the agency for further consideration in light of Sackett v. Env't Prot. Agency. IT IS FURTHER ORDERED that the Motion for Summary Judgment (Rec. Doc. 37 (p.843) ) DISMISSED as moot. IT IS FURTHER ORDERED that Plaintffs' remaining claims are DISMISSED without prejudice as moot. Signed by Judge Mary Ann Vial Lemmon on 06/14/2023. (js) (Entered: 06/14/2023) |
| 06/15/2023 | 69 (p.1381) | NOTICE OF APPEAL by G. Lewis-Louisiana, LLC, Garry L Lewis. (Filing fee $ 505, receipt number ALAEDC-9986069.) (Lewis, Drake) (Entered: 06/15/2023) |

Lewis et al v. United States et al (2:21-cv-00937-MVL-JVM)

TAB 2

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

GARRY L. LEWIS; and G. LEWIS -        :
LOUISIANA, L.L.C.                     :
                                      :
VERSUS                                :
                                      :   CIVIL NO.
UNITED STATES;                        :   2:21-cv-00937-MVL-JVM
THE UNITED STATES ARMY                :
CORPS OF ENGINEERS;                   :
COLONEL STEPHEN MURPHY; and           :
MAJOR GENERAL DIANA HOLLAND           :


## NOTICE OF APPEAL

Notice is hereby given that Garry L. Lewis and G. Lewis Louisiana, L.L.C., Plaintiffs in the above-named case, hereby appeal to the United States Court of Appeals for the Fifth Circuit from an Order Remanding Case (ECF No. 66) and Final Judgment (ECF No. 68) entered in this action on June 14, 2023 Denying Plaintiffs' Motion for Summary Judgment, remanding the matter to the agency, and dismissing without prejudice Plaintiffs' remaining claims as moot. Plaintiffs appeal the district court's dismissal of each of their claims and the remand of the case to the defendant agency, without specific instruction or a ruling on jurisdiction, given the special circumstances of the case.

Respectfully submitted June 15, 2023 by:

/S/ Drake Lewis
**DRAKE L. LEWIS**

**La Bar Roll No. 35885**
**17457 Wes McLin Rd., Suite A**
**Livingston, Louisiana 70754**
**Telephone: (225) 686-1111**
**Facsimile: (225) 686-7584**

23-30387.1381

E-mail: dlewis562000@gmail.com

TONY CLAYTON, No. 21191
MICHAEL FRUGE, No. 26287
3741 LA HWY 1 S
Port Allen, LA. 70767
(225) 344-7000 – Phone
(225) 383-7631 – Fax

JOSHUA M. LEWIS, No. 33244
427 Chemin Metairie Road
Youngsville, LA. 70592
(337) 552-2057 - Phone
(225) 341-8162 – Fax

STANLEY A. MILLAN, No. 09658
Jones Walker
201 St. Charles Ave.
New Orleans, LA 70170-5100
(504) 582-8528 – Phone
(504) 582-8583 – Fax
Email: smillan@joneswalker.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2023, I filed the foregoing using the court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

**/S/ Drake Lewis**

23-30387.1382

TAB 3

`

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**GARRY LEWIS, ET AL**                              CIVIL ACTION

**VERSUS**                                          NO: 21-937

**UNITED STATES ARMY CORPS OF**                     SECTION: "S" (1)
**ENGINEERS, ET AL**

### ORDER REMANDING CASE

Before the court are the plaintiffs' **Motion for Summary Judgment** (Rec. Doc. 37), and

the United States Army Corps of Engineers' ("Corps") **Motion for Voluntary Remand** (Rec.

Doc. 40). Both motions are opposed.

This suit stems from the Corps' December 2020 Approved Jurisdictional Determination

("AJD") that certain land owned by plaintiffs, Garry Lewis and Garry Lewis-Louisiana, LLC, is

subject to Clean Water Act ("CWA") jurisdiction. Since the filing of the motions, the United

States Supreme Court has issued its opinion in <u>Sackett v. Env't Prot. Agency</u>, No. 21-454, 2023

WL 3632751 (U.S. May 25, 2023) addressing the limits of CWA jurisdiction over adjacent

wetlands. The parties have filed supplemental memoranda, and plaintiffs have requested that the

court adjudicate its challenge applying <u>Sackett</u>. The Corps re-urges the arguments made in its

motion for voluntary remand, emphasizing its willingness to withdraw[1] the Approved

Jurisdictional Determination in this suit, and offering to expeditiously reassess plaintiffs'

property in accordance with <u>Sackett</u>.

_____

[1]Corps' Withdrawal Letter, Rec. Doc. 48-1.

The court first observes that "in the absence of a specific statutory limitation, an administrative agency has the inherent authority to reconsider its decisions." Macktal v. Chao, 286 F.3d 822, 825–26 (5th Cir. 2002). In addition, remand is proper when there are "intervening events outside of the agency's control, for example, a new legal decision. . . ." SKF USA Inc. v. United States, 254 F.3d 1022, 1028 (Fed. Cir. 2001) (citations omitted). Accordingly, "[w]hen an agency seeks a remand to take further action consistent with correct legal standards, courts should permit such a remand in the absence of apparent or clearly articulated countervailing reasons." Citizens Against the Pellissippi Parkway Extension, Inc. v. Mineta, 375 F.3d 412, 416 (6th Cir. 2004). It has been found to be "an abuse of discretion to prevent an agency from acting to cure the very legal defects asserted by plaintiffs challenging federal action." Id. Remanding such matters serves the goal of judicial economy "by providing the federal defendants the opportunity to cure their own mistakes." Ethyl Corp. v. Browner, 989 F.2d 522, 524 (D.C. Cir. 1993). Further, "[f]undamental principles of administrative law ... teach that a federal court generally goes astray if it decides a question that has been delegated to an agency if that agency has not first had a chance to address the question." Smith v. Berryhill, 139 S.Ct. 1765, 1779 (2019).

In this case, it is undisputed Sackett may affect the result, and that the Corps issued its decision without the benefit of the Sackett opinion. Further, the agency's offer to withdraw the challenged AJD potentially renders the instant case moot. Accordingly, the court finds that remand to the agency for further review in light of Sackett is appropriate. Therefore,

**IT IS HEREBY ORDERED** that the **Motion for Voluntary Remand** (Rec. Doc. 40) is

2

**GRANTED**, and instant matter is **REMANDED** to the agency for further consideration in light

of <u>Sackett v. Env't Prot. Agency</u>.

      **IT IS FURTHER ORDERED** that the **Motion for Summary Judgment** (Rec. Doc. 37)

**DISMISSED as moot.**

      Louisiana, this  12th  day of June, 2023.

          MARY ANN VIAL LEMMON
        UNITED STATES DISTRICT JUDGE

3

TAB 4

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

GARRY L. LEWIS; and G. LEWIS -          :
LOUISIANA, L.L.C.                        :
                                         :
VERSUS                                   :
                                         :     CIVIL NO.
UNITED STATES;                           :     2:21-cv-00937-MVL-JVM
THE UNITED STATES ARMY                   :
CORPS OF ENGINEERS;                      :
COLONEL STEPHEN MURPHY; and              :
MAJOR GENERAL DIANA HOLLAND              :

### FINAL JUDGMENT

**CONSIDERING** Plaintiffs' Unopposed Motion for Certification of Remand Order, and consistent with the Court's order issued June 12, 2023 (ECF No. 66), the Court issues final judgment in accordance with Federal Rules of Civil Procedure 58.

**IT IS HEREBY ORDERED** that the **Motion for Voluntary Remand** (Rec. Doc. 40) is

**GRANTED,** and instant matter is **REMANDED** to the agency for further consideration in light of Sackett v. Env't Prot. Agency.

**IT IS FURTHER ORDERED** that the **Motion for Summary Judgment** (Rec. Doc. 37) **DISMISSED** as moot.

**IT IS FURTHER ORDERED** that Plaintiffs' remaining claims are **DISMISSED** without prejudice as moot.

THUS DONE and SIGNED, this ___14th___ day of _____June_____, 2023.

UNITED STATES DISTRICT JUDGE

1

23-30387.1380

TAB 5



**DEPARTMENT OF THE ARMY**
U.S. ARMY CORPS OF ENGINEERS, NEW ORLEANS DISTRICT
7400 LEAKE AVE
NEW ORLEANS, LA 70118-3651

December 28, 2020

Operations Division
Surveillance and Enforcement Section

Garry Lewis
17457 Wes McLin Road, Suite A
Livingston, LA 70754

Dear Mr. Lewis:

The United States District Court for the Eastern District of Louisiana in case 2:18-cv-01838-MVL-JVM remanded the previous U.S. Army Corps of Engineers' (Corps) approved jurisdictional determination (AJD) and ordered a new AJD be completed under the Navigable Waters Protection Rule on property located in Section 4, Township 7 South, Range 4 East, Livingston Parish, Louisiana (enclosed map). Specifically, this property is identified as an approximately 40 acre site south of Spring Ranch Road and on and north of Milton Lane in Satsuma.

Based on review of recent maps, aerial photography, soils data, previous determinations, and site inspections conducted throughout November and December 2020, we have determined that part of the property contains wetlands that are subject to Corps' jurisdiction. The approximate limits of the wetlands are designated in red on the map. A Department of the Army (DA) permit under Section 404 of the Clean Water Act will be required prior to the deposition or redistribution of dredged or fill material into these waters of the U.S. Additionally, part of the property contains uplands and features that are not subject to Corps' jurisdiction. The approximate limits of the uplands and non-jurisdictional features are designated in green and purple, respectively, on the map. A DA permit will not be required for activities in these areas. Furthermore, unauthorized activities have occurred on the property and are designated in orange on the map. Further coordination with our office will be required concerning these matters.

The delineation included herein has been conducted to identify the location and extent of the aquatic resource boundaries and/or the jurisdictional status of aquatic resources for purposes of the Clean Water Act for the particular site identified in this request. This delineation and/or jurisdictional determination may not be valid for the Wetland Conservation Provisions of the Food Security Act of 1985, as amended. If you or your tenant are USDA program participants, or anticipate participation in USDA programs, you should discuss the applicability of a certified wetland determination with the local USDA service center, prior to starting work.

You are advised that this AJD is valid for a period of 5 years from the date of this letter unless new information warrants revision prior to the expiration date or the District Commander has identified, after public notice and comment, that specific geographic areas with rapidly changing environmental conditions merit re-verification on a more frequent basis.

If you object to this AJD, you may request an administrative appeal under Corps regulations at 33 C.F.R. 331. Enclosed you will find a Notification of Appeal Process (NAP) fact sheet and Request for Appeal (RFA) form. If you request to appeal this determination, you must submit a completed RFA form to the Mississippi Valley Division Office at the following address:

Administrative Appeals Review Officer
Mississippi Valley Division
ATTN: CEMVD-PDO
Post Office Box 80 (1400 Walnut Street)
Vicksburg, MS 39181-0080
Phone: 601-634-5820, Fax: 601-634-5816

In order for an RFA to be accepted by the Corps, the Corps must determine that it is complete, that it meets the criteria for appeal under 33 C.F.R. part 331.5, and that it has been received by the Division Office within 60 days of the date of the NAP. Should you decide to submit an RFA form, it must be received at the above address by February 25, 2021.

It is not necessary to submit an RFA form to the Division office if you do not object to the determination in this letter.

Should there be any questions concerning these matters, please contact Mr. Brian Oberlies at (504) 862-2275 and reference our Account No. MVN-2015-01591-1-SY. If you have specific questions regarding the permit process or permit applications, please contact our Central Evaluation Section at (504) 862-1581.

Sincerely,

GUARISCO.BRAD.AN Digitally signed by
GUARISCO.BRAD.ANTHONY.13764
THONY.1376421941 21941
Date: 2020.12.28 21:52:13 -06'00'

for Martin S. Mayer
Chief, Regulatory Branch

Enclosures

AR000002
23-30387.877





U.S. ARMY CORPS OF ENGINEERS
REGULATORY PROGRAM
APPROVED JURISDICTIONAL DETERMINATION FORM (INTERIM)
NAVIGABLE WATERS PROTECTION RULE

## I.   ADMINISTRATIVE INFORMATION

Completion Date of Approved Jurisdictional Determination (AJD): 12/28/2020
ORM Number: MVN-2015-01591-1-SY
Associated JDs: N/A
Review Area Location[1]:

   State/Territory: LA    City:  Satsuma    County/Parish/Borough: Livingston Parish
   Center Coordinates of Review Area: Latitude 30.470073 Longitude -90.812568

## II.   FINDINGS

### A.   Summary: Check all that apply. At least one box from the following list MUST be selected. Complete the corresponding sections/tables and summarize data sources.

☐ The review area is comprised entirely of dry land (i.e., there are no waters or water features, including wetlands, of any kind in the entire review area). Rationale: N/A or describe rationale.

☐ There are "navigable waters of the United States" within Rivers and Harbors Act jurisdiction within the review area (complete table in section II.B).

☒ There are "waters of the United States" within Clean Water Act jurisdiction within the review area (complete appropriate tables in section II.C).

☒ There are waters or water features excluded from Clean Water Act jurisdiction within the review area (complete table in section II.D).

### B.   Rivers and Harbors Act of 1899 Section 10 (§ 10)[2]

| § 10 Name | § 10 Size | § 10 Criteria | Rationale for § 10 Determination |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

### C.   Clean Water Act Section 404

Territorial Seas and Traditional Navigable Waters ((a)(1) waters)[3]

| (a)(1) Name | (a)(1) Size | (a)(1) Criteria | Rationale for (a)(1) Determination |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

Tributaries ((a)(2) waters):

| (a)(2) Name | (a)(2) Size | (a)(2) Criteria | Rationale for (a)(2) Determination |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

Lakes and ponds, and impoundments of jurisdictional waters ((a)(3) waters):

| (a)(3) Name | (a)(3) Size | (a)(3) Criteria | Rationale for (a)(3) Determination |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

Adjacent wetlands ((a)(4) waters):

| (a)(4) Name | (a)(4) Size | (a)(4) Criteria | Rationale for (a)(4) Determination |
|---|---|---|---|

---

[1] Map(s)/Figure(s) are attached to the AJD provided to the requestor.

[2] If the navigable water is not subject to the ebb and flow of the tide or included on the District's list of Rivers and Harbors Act Section 10 navigable waters list, do NOT use this document to make the determination. The District must continue to follow the procedure outlined in 33 CFR part 329.14 to make a Rivers and Harbors Act Section 10 navigability determination.

[3] A stand-alone TNW determination is completed independently of a request for an AJD. A stand-alone TNW determination is conducted for a specific segment of river or stream or other type of waterbody, such as a lake, where independent upstream or downstream limits or lake borders are established. A stand-alone TNW determination should be completed following applicable guidance and should NOT be documented on the AJD form.

[4] Some excluded waters, such as (b)(2) and (b)(4), may not be specifically identified on the AJD form unless a requestor specifically asks a Corps district to do so. Corps Districts may, in case-by-case instances, choose to identify some or all of these waters within the review area.

[5] Because of the broad nature of the (b)(1) exclusion and in an effort to collect data on specific types of waters that would be covered by the (b)(1) exclusion, four sub-categories of (b)(1) exclusions were administratively created for the purposes of the AJD Form. These four sub-categories are not new exclusions, but are simply administrative distinctions and remain (b)(1) exclusions as defined by the NWPR.

Form Version 29 July 2020_updated
AR000004
23-30387.879



U.S. ARMY CORPS OF ENGINEERS
REGULATORY PROGRAM
APPROVED JURISDICTIONAL DETERMINATION FORM (INTERIM)
NAVIGABLE WATERS PROTECTION RULE

| JD 2015-01591-1-SY (a)(4) EAST wet | 16.11 acres | (a)(4) Wetland abuts an (a)(1)-(a)(3) water | Wetlands are bisected by a road with a culvert that allows for a direct hydrologic surface connection in a typical year to the (a)(2). See Section III. C for further discussion. |

## D.  Excluded Waters or Features

Excluded waters ((b)(1) – (b)(12))[4]:

| Exclusion Name | Exclusion Size | Exclusion[5] | Rationale for Exclusion Determination |
|---|---|---|---|
| JD 2015-01591-1-SY (b)(1) WEST wet 1 | 1.42 acres | (b)(1) Non-adjacent wetland | Does not meet definition of adjacent wetland. See Section III. C. for further discussion. |
| JD 2015-01591-1-SY (b)(1) WEST wet 2 | 2.29 acres | (b)(1) Non-adjacent wetland | Does not meet definition of adjacent wetland. See Section III. C. for further discussion. |
| JD 2015-01591-1-SY (b)(5) excluded ditches | 5916 feet | (b)(5) Ditch that is not an (a)(1) or (a)(2) water, and those portions of a ditch constructed in an (a)(4) water that do not satisfy the conditions of (c)(1) | Constructed channels in uplands and non-jurisdictional wetlands that do not meet the definition of tributary. See Section III. C. for further discussion. |

## III.   SUPPORTING INFORMATION

### A.   Select/enter all resources that were used to aid in this determination and attach data/maps to this document and/or references/citations in the administrative record, as appropriate.

**X**   Information submitted by, or on behalf of, the applicant/consultant: *Supplied handouts/correspondence on multiple site visits and agreed upon boundary map by owner. This information is and is not sufficient for purposes of this AJD.*
Rationale: *Boundary map was agreed upon, other information was redundant, extraneous, or inadequate for jurisdictional determination process.*

**X**   Data sheets prepared by the Corps: *DP3 - DP67, 11/4/2020 through 12/17/2020*

**X**   Photographs: *(NA, aerial, other, aerial and other) Aerials and other site visit photos; DOQQs 1998,2004,2008; NAIP Imagery 2012 & 2017; Google Earth Imagery 1998-2019*

**X**   Corps Site visit(s) conducted on: *11/4, 11/5, 11/12, 11/18, 11/19, 12/2, 12/9, 12/14, & 12/17 of 2020*

**X**   Previous Jurisdictional Determinations (AJDs or PJDs): *AJDs MVN-2015-01591-SK 8/26/16 & MVN-2015-01591-SK 11/3/2017*

**X**   Antecedent Precipitation Tool: *provide detailed discussion in Section III.B.*

**X**   USDA NRCS Soil Survey: *NRCS web soil survey for Livingston Parish*

**X**   USFWS NWI maps: *NWI Mapper*

**X**   USGS topographic maps: *Denham Springs 15 min Quad from 1934, Denham Springs 15 min Quad from 1939, Walker 7.5 min Quad from 1953, Denham Springs 15 min Quad from 1963, Walker 7.5 min Quad from 1991, Walker 7.5 min Quad from 1998, Walker 7.5 min Quad from 2018*

---

[1] Map(s)/Figure(s) are attached to the AJD provided to the requestor.
[2] If the navigable water is not subject to the ebb and flow of the tide or included on the District's list of Rivers and Harbors Act Section 10 navigable waters list, do NOT use this document to make the determination. The District must continue to follow the procedure outlined in 33 CFR part 329.14 to make a Rivers and Harbors Act Section 10 navigability determination.
[3] A stand-alone TNW determination is completed independently of a request for an AJD. A stand-alone TNW determination is conducted for a specific segment of river or stream or other type of waterbody, such as a lake, where independent upstream or downstream limits or lake borders are established. A stand-alone TNW determination should be completed following applicable guidance and should NOT be documented on the AJD form.
[4] Some excluded waters, such as (b)(2) and (b)(4), may not be specifically identified on the AJD form unless a requestor specifically asks a Corps district to do so. Corps Districts may, in case-by-case instances, choose to identify some or all of these waters within the review area.
[5] Because of the broad nature of the (b)(1) exclusion and in an effort to collect data on specific types of waters that would be covered by the (b)(1) exclusion, four sub-categories of (b)(1) exclusions were administratively created for the purposes of the AJD Form. These four sub-categories are not new exclusions, but are simply administrative distinctions and remain (b)(1) exclusions as defined by the NWPR.



U.S. ARMY CORPS OF ENGINEERS
REGULATORY PROGRAM
APPROVED JURISDICTIONAL DETERMINATION FORM (INTERIM)
NAVIGABLE WATERS PROTECTION RULE

**Other data sources used to aid in this determination:**

| Data Source (select) | Name and/or date and other relevant information |
| --- | --- |
| USGS Stream Stats | Raindrop Tool |
| USDA Sources | N/A. |
| NOAA Sources | Observed Precipitation Data (24-31 October 2020, 1-30 November 2020, 1-22 December 2020 |
| USACE Sources | N/A. |
| LIDAR | 2001 and 2018 |
| Other Sources | Hydrologic Unit Map 1974 State of Louisiana |

B.   **Typical year assessment(s):** APT tool was utilized to ascertain typical year for November and December to cover site visits on multiple days throughout those months. Results indicated that observations were made during a typical year on nearly all site visits.  This informs the decision that direct hydrologic surface connection observed from the wetland through the culvert to the (a)(2) occurs in a typical year. The rule states: "Under the final rule, a direct hydrologic surface connection through an artificial structure must occur at least once in a typical year to establish adjacency."  This direct hydrologic surface connection happens with regularity, and well above the "at least once" prescribed by rule.

C.   **Additional comments to support AJD:** For ease of identification and discussion, the tracts will be discussed by their relation to the north/south road that bisects the review area.  The west side of the road will be discussed as the West Tract, and the east side of the road will be discussed as the East Tract. Both the East and West Tracts have seen extensive man-made disturbance (this extensive disturbance occurred in 2013 and 2014) which has severely impacted the site conditions (vegetation, soil, hydrology), and only minor portions of the tracts remain forested and in natural condition.  The majority of the tracts are currently mowed and maintained open fields post-disturbance.  The 1987 Delineation Manual and Atlantic and Gulf Coast Regional Supplement prescribe the procedures for performing a wetland delineation in "atypical situations" due to these man-made disturbances. Reference sites are utilized to interpolate the altered parameters/characteristics.  Data collected evidenced the significant disturbance throughout both tracts, as burned woody debris along with native vegetation was exhumed in nearly all sample locations ranging from 4 inches to 9 inches below the present surface.  The data collected was correlated with LIDAR data (2001 and 2018) and pre- and post-disturbance infrared imagery to extrapolate and delineate the extent of the pre-disturbance wetlands and uplands.  The West Tract was delineated as 3.71 acres of wetlands.  These wetlands abut excluded ditches only, and did not meet any other requirements to be considered (a)(4).  The East Tract was delineated as 16.11 acres of wetlands.  These wetlands directly abut a culvert (through the road at the south of the review area) which provides for a direct hydrologic surface connection in a typical year to the (a)(2) tributary just south of the review area, and therefore, they are (a)(4) under the NWPR.  The direct hydrologic surface connection in a typical year was observed and documented during a site visit.  The NWPR states: "Under the final rule, a flood gate, culvert, pump, or similar

---

[1] Map(s)/Figure(s) are attached to the AJD provided to the requestor.
[2] If the navigable water is not subject to the ebb and flow of the tide or included on the District's list of Rivers and Harbors Act Section 10 navigable waters list, do NOT use this document to make the determination. The District must continue to follow the procedure outlined in 33 CFR part 329.14 to make a Rivers and Harbors Act Section 10 navigability determination.
[3] A stand-alone TNW determination is completed independently of a request for an AJD. A stand-alone TNW determination is conducted for a specific segment of river or stream or other type of waterbody, such as a lake, where independent upstream or downstream limits or lake borders are established. A stand-alone TNW determination should be completed following applicable guidance and should NOT be documented on the AJD form.
[4] Some excluded waters, such as (b)(2) and (b)(4), may not be specifically identified on the AJD form unless a requestor specifically asks a Corps district to do so. Corps Districts may, in case-by-case instances, choose to identify some or all of these waters within the review area.
[5] Because of the broad nature of the (b)(1) exclusion and in an effort to collect data on specific types of waters that would be covered by the (b)(1) exclusion, four sub-categories of (b)(1) exclusions were administratively created for the purposes of the AJD Form. These four sub-categories are not new exclusions, but are simply administrative distinctions and remain (b)(1) exclusions as defined by the NWPR.



U.S. ARMY CORPS OF ENGINEERS
REGULATORY PROGRAM
APPROVED JURISDICTIONAL DETERMINATION FORM (INTERIM)
NAVIGABLE WATERS PROTECTION RULE

structure that allows for and is used to maintain a direct hydrologic surface connection between a jurisdictional water and a wetland at any point in a typical year satisfies the definition of adjacent wetlands….In the final rule, a direct hydrologic surface connection in a typical year, regardless of the flow classification, is sufficient to demonstrate that the wetland and jurisdictional water are inseparably bound up. Some artificial structures may allow for frequent direct hydrologic surface connections between the wetland and the paragraph (a)(1) through (3) water, while others may not. Under the final rule, a direct hydrologic surface connection through an artificial structure must occur at least once in a typical year to establish adjacency." The (a)(2) was directly observed one 2 site visits to have intermittent surface flow. The (a)(2) flow regime changes to perennial as indicated as such on topographic maps from 1934 to present day. The (a)(2) then maintains its perennial flow regime to another (a)(2) Colyell Creek which becomes the (a)(1) Colyell Bay.  Numerous ditches were constructed on both tracts.  On both tracts, those ditches that were constructed in uplands or were constructed in non-jurisdictional wetlands are excluded under (b)(5) and are designated as such on the map associated with this jurisdictional determination.

[1] Map(s)/Figure(s) are attached to the AJD provided to the requestor.
[2] If the navigable water is not subject to the ebb and flow of the tide or included on the District's list of Rivers and Harbors Act Section 10 navigable waters list, do NOT use this document to make the determination. The District must continue to follow the procedure outlined in 33 CFR part 329.14 to make a Rivers and Harbors Act Section 10 navigability determination.
[3] A stand-alone TNW determination is completed independently of a request for an AJD. A stand-alone TNW determination is conducted for a specific segment of river or stream or other type of waterbody, such as a lake, where independent upstream or downstream limits or lake borders are established. A stand-alone TNW determination should be completed following applicable guidance and should NOT be documented on the AJD form.
[4] Some excluded waters, such as (b)(2) and (b)(4), may not be specifically identified on the AJD form unless a requestor specifically asks a Corps district to do so. Corps Districts may, in case-by-case instances, choose to identify some or all of these waters within the review area.
[5] Because of the broad nature of the (b)(1) exclusion and in an effort to collect data on specific types of waters that would be covered by the (b)(1) exclusion, four sub-categories of (b)(1) exclusions were administratively created for the purposes of the AJD Form. These four sub-categories are not new exclusions, but are simply administrative distinctions and remain (b)(1) exclusions as defined by the NWPR.

Form Version 29 July 2020_updated
AR000007
23-30387.882

## NOTIFICATION OF ADMINISTRATIVE APPEAL OPTIONS AND PROCESS AND REQUEST FOR APPEAL

| Applicant: Mr. Garry Lewis | File Number: MVN-2015-01591-1-SY | Date: 12/28/2020 |
|---|---|---|
| Attached is: | | See Section below |

| | | |
|---|---|---|
| ☐ | INITIAL PROFFERED PERMIT (Standard Permit or Letter of permission) | A |
| ☐ | PROFFERED PERMIT (Standard Permit or Letter of permission) | B |
| ☐ | PERMIT DENIAL | C |
| ✓ | APPROVED JURISDICTIONAL DETERMINATION | D |
| ☐ | PRELIMINARY JURISDICTIONAL DETERMINATION | E |

**SECTION I** - The following identifies your rights and options regarding an administrative appeal of the above decision. Additional information may be found at http://www.usace.army.mil/Missions/CivilWorks/RegulatoryProgramandPermits/appeals.aspx or Corps regulations at 33 CFR Part 331.

**A: INITIAL PROFFERED PERMIT:** You may accept or object to the permit.

- ACCEPT: If you received a Standard Permit, you may sign the permit document and return it to the district engineer for final authorization. If you received a Letter of Permission (LOP), you may accept the LOP and your work is authorized. Your signature on the Standard Permit or acceptance of the LOP means that you accept the permit in its entirety, and waive all rights to appeal the permit, including its terms and conditions, and approved jurisdictional determinations associated with the permit.

- OBJECT: If you object to the permit (Standard or LOP) because of certain terms and conditions therein, you may request that the permit be modified accordingly. You must complete Section II of this form and return the form to the district engineer. Your objections must be received by the district engineer within 60 days of the date of this notice, or you will forfeit your right to appeal the permit in the future. Upon receipt of your letter, the district engineer will evaluate your objections and may: (a) modify the permit to address all of your concerns, (b) modify the permit to address some of your objections, or (c) not modify the permit having determined that the permit should be issued as previously written. After evaluating your objections, the district engineer will send you a proffered permit for your reconsideration, as indicated in Section B below.

**B: PROFFERED PERMIT:** You may accept or appeal the permit

- ACCEPT: If you received a Standard Permit, you may sign the permit document and return it to the district engineer for final authorization. If you received a Letter of Permission (LOP), you may accept the LOP and your work is authorized. Your signature on the Standard Permit or acceptance of the LOP means that you accept the permit in its entirety, and waive all rights to appeal the permit, including its terms and conditions, and approved jurisdictional determinations associated with the permit.

- APPEAL: If you choose to decline the proffered permit (Standard or LOP) because of certain terms and conditions therein, you may appeal the declined permit under the Corps of Engineers Administrative Appeal Process by completing Section II of this form and sending the form to the division engineer. This form must be received by the division engineer within 60 days of the date of this notice.

**C: PERMIT DENIAL:** You may appeal the denial of a permit under the Corps of Engineers Administrative Appeal Process by completing Section II of this form and sending the form to the division engineer. This form must be received by the division engineer within 60 days of the date of this notice.

**D: APPROVED JURISDICTIONAL DETERMINATION:** You may accept or appeal the approved JD or provide new information.

- ACCEPT: You do not need to notify the Corps to accept an approved JD. Failure to notify the Corps within 60 days of the date of this notice, means that you accept the approved JD in its entirety, and waive all rights to appeal the approved JD.

- APPEAL: If you disagree with the approved JD, you may appeal the approved JD under the Corps of Engineers Administrative Appeal Process by completing Section II of this form and sending the form to the division engineer. This form must be received by the division engineer within 60 days of the date of this notice.

**E: PRELIMINARY JURISDICTIONAL DETERMINATION:** You do not need to respond to the Corps regarding the preliminary JD. The Preliminary JD is not appealable. If you wish, you may request an approved JD (which may be appealed), by contacting the Corps district for further instruction. Also you may provide new information for further consideration by the Corps to reevaluate the JD.

## SECTION II - REQUEST FOR APPEAL or OBJECTIONS TO AN INITIAL PROFFERED PERMIT

REASONS FOR APPEAL OR OBJECTIONS: (Describe your reasons for appealing the decision or your objections to an initial proffered permit in clear concise statements. You may attach additional information to this form to clarify where your reasons or objections are addressed in the administrative record.)

ADDITIONAL INFORMATION: The appeal is limited to a review of the administrative record, the Corps memorandum for the record of the appeal conference or meeting, and any supplemental information that the review officer has determined is needed to clarify the administrative record. Neither the appellant nor the Corps may add new information or analyses to the record. However, you may provide additional information to clarify the location of information that is already in the administrative record.

## POINT OF CONTACT FOR QUESTIONS OR INFORMATION:

| If you have questions regarding this decision and/or the appeal process you may contact: | If you only have questions regarding the appeal process you may also contact: |
|---|---|
| Brad Guarisco<br>Chief, Surveillance & Enforcement Section<br>U.S. Army Corps of Engineers<br>7400 Leake Avenue<br>New Orleans, LA 70118<br>504-862-2274 | Administrative Appeals Review Officer<br>Mississippi Valley Division<br>P.O. Box 80 (1400 Walnut Street)<br>Vicksburg, MS 39181-0080<br>601-634-5820 FAX: 601-634-5816 |

RIGHT OF ENTRY: Your signature below grants the right of entry to Corps of Engineers personnel, and any government consultants, to conduct investigations of the project site during the course of the appeal process. You will be provided a 15 day notice of any site investigation, and will have the opportunity to participate in all site investigations.

| | Date: | Telephone number: |
|---|---|---|
| _____<br>Signature of appellant or agent. | | |

TAB 6



JVM Document 37-14 Filed 03/23/22 Page 7 of 9

9/29/2020

23-30387.976



Point 5 - 12-17-2020







TAB 7

# No. 21-30163

## IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

Garry L. Lewis; G. Lewis-Louisiana, L.L.C.,

Plaintiffs - Appellants

v.

United States of America; Michael C. Wehr, Major General;

Michael Clancy, Colonel; United States Army Corps of Engineers,

Defendants - Appellees

consolidated with

No. 23-30387

Garry L. Lewis; G. Lewis-Louisiana, L.L.C.,

Plaintiffs - Appellants

v.

United States of America; United States Army Corps of Engineers;

Stephen Murphy, Colonel; Diana Holland, Major General,

Defendants - Appellees

**On Appeal from**
United States District Court for the Eastern District of Louisiana

2:18-CV-1838
2:21-CV-937

---

# CERTIFICATE OF SERVICE

I certify that on August 1, 2023, the foregoing document was served, via the Court's

CM/ECF Document Filing System, upon the following registered CM/ECF users:

Sandra Gutierrez of U.S. Attorney's Office New Orleans, LA
Michael Gray of U.S. Department of Justice Washington, DC

S/Drake L. Lewis
Drake L Lewis, La Bar Roll No. 35885